IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GOLDEN HARVEST, INC. and                                                    PLAINTIFFS
TOSHIMI HIRA

vs.                                    Civil No. 4:07-cv-04096

WILLIAM EDWARD DAVIS and THE                                         DEFENDANTS
WILLIAM AND ROXANN DAVIS
COMPANY, L.L.C. d/b/a HOLIDAY INN
TEXARKANA

## ORDER

BEFORE this Court is the Motion for New Trial of Plaintiffs, Golden Harvest, Inc. ("Golden

Harvest") and Toshimi Hira ("Hira") (Doc. No. 65). The parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 15).

The Court having reviewed the Motion for New Trial and Defendants' Response (Doc. No. 67)

hereby finds as follows:

A. **Background**:

This case arises from a lease agreement between the parties. Plaintiff Golden Harvest leased

a restaurant located on the premises at a hotel owned by Defendant William and Roxann Davis

Company L.L.C. Within a few months the leases execution, Plaintiff Golden Harvest left the

premises. This lawsuit resulted with Plaintiff Golden Harvest claiming breach of contract, Plaintiff

Hira claiming defamation and the Defendants claiming anticipatory breach of contract, breach of

contract, and conversion of personal property.

The case proceeded to trial on June 8, 2009, and on June 12, 2009, the Jury returned a verdict

-1-

in favor of the Defendants on all causes of action submitted.  (Doc. No. 61).   Specifically, the Jury found in favor of the Defendants on Plaintiffs' claims and found in favor of the Defendant William and Roxann Davis Company L.L.C. on its claims against Plaintiff Golden Harvest awarding said Defendant damages in the amount of  $1,241.50 on its claim for conversion and $10,383.09 on its claim for breach of cntract.   Plaintiffs now seek a new trial alleging (1) the evidence at trial was insufficient to support the verdicts, (2) the award of damages to Defendant William and Roxann Davis Company L.L.C. are excessive, and (3) two evidentiary rulings of the Court were in error.  The Court will address each of these contentions.

    **B.  Insufficient evidence claims**:  Plaintiffs claim there is insufficient evidence to support the Jury's verdict against Plaintiff Golden Harvest in its breach of contract claim, against Plaintiff Hira's in his defamation claim and in favor of Defendant on its breach of contract counter-claim.

    A new trial is appropriate if the verdict is against the weight of the evidence and if allowing it to stand would result in a miscarriage of justice.  *See Shaffer v. Wilkes*, 65 F.3d 115, 117-18 (8th Cir.1995).   In reviewing a motion for new trial the district court is entitled to interpret the evidence and judge the credibility of witnesses, "*but it may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable.*"  *Van Steenburgh v. Rival Co.,* 171 F.3d 1155, 1160 (8th Cir. 1999) (emphasis added) citing  *White v. Pence*, 961 F.2d 776, 780-81 (8th Cir.1992).

    1.  Plaintiff Golden Harvest's  Breach of Contract Claim.  This claim was submitted to the Jury and the Jury found for the Defendants.  Plaintiff claims a new trial is warranted because the evidence is insufficient to support the Jury's verdict and because the verdict is against the great weight of the evidence.  Specifically, Plaintiff Golden Harvest  claims the Jury ignored the evidence presented by the Plaintiff regarding Defendant's failure to allow Plaintiff thirty (30) days to cure any

defect in performance.  Plaintiff Golden Harvest further asserts the Jury ignored the evidence of Defendant William Davis's conduct in preventing "quite enjoyment" of the premises as provided for in the lease.

In this case, Plaintiff Golden Harvest indeed presented evidence that Defendant William Davis attempted to interfere with its quite enjoyment of the leased restaurant, including but not limited to William Davis's alleged harsh, offensive and racially insensitive language directed at employees.  Plaintiff also presented evidence that it received notice on August 23, 2007, to cure certain defects in performance but that it was locked out of the premises on September 9, 2007, several days short of the thirty day "cure" provision in the lease.   On the other hand Defendants presented evidence specifically denying these claims.  Defendant also presented evidence that Plaintiff was preparing to leave the leased premises of its own accord prior to the expiration of the lease term.  Further, the Jury was instructed that an anticipatory breach of the contract by the Plaintiff would excuse any subsequent breach by the Defendants.

In short, while a reasonable person might disagree with the Jury's verdict on this issue, it is the Jury's duty to decide what testimony to believe or not believe.  In this case the Jury considered the conflicting evidence and found for Defendant.  Plaintiff Golden Harvest's Motion for New Trial on this issue should be denied.

2.  <u>Plaintiff Hira's Defamation Claim</u>.   Plaintiff Hira asserts the Jury ignored the overwhelming weight of the evidence showing individual Defendant William Davis ("Davis") defamed him.   This evidence included Hira's testimony he was questioned by the local police department, as a result of a complaint filed by Davis, regarding an alleged theft of property.  There was also evidence Davis made statements to other parties accusing Hira of theft of a television from the Hotel.  Finally, there was evidence Davis told the police he had a video of the alleged theft, but

the video had been destroyed inadvertantly and was never presented to the police or introduced as evidence at the trial in this case.  Davis's witnesses, who claimed to have viewed the video prior to its destruction, had differing recollections of the number of people in the video or the size or type of television actually taken.

On the other hand Davis admitted making a report to the police of Hira's alleged theft of the television.  He testified that he had witnessed Hira taking the television from the hotel on the aforementioned video.  He also testified several of his employees had viewed the video and all identified Hira as the person removing the television from the hotel.  Defendant also points out there was little if any evidence of damage suffered by Hira.

As with the foregoing breach of contract claim, while a reasonable person might disagree with the Jury's verdict on this issue, it is the Jury's duty to decide what testimony to believe or not believe.  In this case the Jury considered the conflicting evidence and found for the Defendant.  Plaintiff Hira's Motion for New Trial on this issue should be denied.

3.  <u>Award of damages to Defendant William and Roxann Davis Company L.L.C.</u>  Plaintiff Golden Harvest claims the Jury's damage award of $10,383.09, to Defendant was excessive.  Plaintiff claims that "when adding only proof before the jury . . . the total damages on Davis L.L.C.'s counterclaim is $8,856.15.  Defendant responds and admits that a remittitur of the damage award to $7.033.15 is appropriate.  Accordingly the damages for breach of contract awarded to Defendant William and Roxann Davis Company L.L.C. will be remitted to $7,033.15.

C.  **Erroneous evidentiary rulings claim**:  The Plaintiffs assert that two of the Court's evidentiary rulings warrant the grant of a new trial.  Specifically, Plaintiffs claim the Court erred in not permitting Plaintiff to present evidence that Defendant William Davis frequently fired hotel and restaurant managers, often alleging these employees were stealing from him.  Further, the Plaintiffs

-4-

claim the Court erred by allowing the entire video tape of the last night the Plaintiff's were on the premises at issue, including a brief portion of video of customers and an employee of the Plaintiff "lap dancing" on a stool in the bar section of the restaurant.

To justify the grant of an new trial, errors in evidentiary rulings must be pervasive throughout the trial. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir.1990) (rejecting multiple challenges to a district court's evidentiary rulings as a basis for a new trial); *Jacobs Mfg. Co. v. Sam Brown Co.*, 19 F.3d 1259, 1266-67 (8th Cir.1994) (reversing a district court's grant of a new trial based on a finding that the verdict was against the great weight of the evidence). A new trial should only be granted if an "evidentiary ruling was so prejudicial as to require a new trial which would be likely to produce a different result." *O'Dell*, 904 F.3d at1200.

In this case certain objections of Defendant were sustained regarding Defendant's regular penchant for firing people who worked for him. However, and as Defendants correctly points out, there were numerous witnesses who testified regarding the manner in which Davis ran his business, including the hotel and restaurant. Davis himself testified that he often fired managers and employees and had continued to do so. There was evidence from more than one witness that on occasion Davis fired employees for inaccurate reasons or for no reason at all. However, there was no evidence proffered by Plaintiffs that Davis filed employees based on *false* accusations of theft.

Plaintiff also asserts the Court erroneously allowed into evidence a portion of a video showing Plaintiff's customers and an employee "lap dancing" in the bar section of the restaurant on the evening Plaintiff was locked out of the premises. This video was produced by Plaintiff's employees and was made the night of September 9, 2007, the last night Plaintiff occupied the premises. Plaintiff asserts the video of the "lap dance," which was only a few seconds in length, was "extremely prejudicial." Defendant responds the video was made by Plaintiff's employees and

clearly showed mood and attitude of the employees of the Plaintiff, who allegedly knew they were to be evicted later that same evening.

The video as a whole was admitted as evidence.   It shows the "lap dance" early in the evening of September 7, 2007.  The video is primarily devoted to showing the condition of the restaurant shortly before the Plaintiff's employees are locked out.   The video in its entirety could certainly be interpreted to show Plaintiff and its employees were not upset or concerned about the alleged eviction.  Even had the Court ordered the redaction of the few seconds of video depicting the "lap dance" it is highly unlikely a different verdict would have resulted.

**IT IS THEREFORE ORDERED** that Plaintiffs Golden Harvest, Inc., and Toshimi Hira's Motion for New Trial (Doc. No. 65) is **DENIED.**

**IT IS FURTHER ORDERED** that the Jury's breach of contract damage award to Defendant William and Roxann Davis Company L.L.C. be remitted to $7,033.15.

**ENTERED this 7th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE